C. W. Lokey and Bernice Lokey v. Commissioner.
Lokey v. Commissioner
Docket No. 59545.
United States Tax Court
T.C. Memo 1957-5; 1957 Tax Ct. Memo LEXIS 248; 16 T.C.M. (CCH) 18; T.C.M. (RIA) 57005; January 14, 1957
Charles H. Moses, Jr., Esq., Brown Marx Building, Birmingham, Ala., for the petitioners. Frederick T. Carney, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of petitioners for the taxable year 1953 in the amount of $197.54. The sole issue is whether the respondent properly disallowed the amount of $381 claimed by petitioners as business expenses paid during the taxable year 1953. Findings of Fact Petitioners are husband and wife, residing in Birmingham, Alabama. They filed their joint income tax return for the year 1953 with the director of internal revenue for the district of Alabama at Birmingham, Alabama. C. W. Lokey, hereinafter referred to as *249 petitioner, is a dentist and has practiced his profession since 1897. He has been practicing dentistry in the city of Birmingham for approximately 46 years. Petitioner's profession does not ethically allow him to advertise for business. Petitioner shares office space with his son. Petitioner owns all the equipment and pays all the office expenses. He retains a percentage of the fees collected by the son from the latter's patients. In the taxable year 1953 petitioner was a member of the Birmingham Country Club. He had joined the club approximately 35 years earlier for the purpose of making contacts and for the prestige it might give him. The country club has approximately 1,000 members. During the year 1953 petitioner played golf two or three times a week and occasionally had Sunday dinner at the country club. In 1953 he paid the club a total of $442.85, which amount included dues of $288, meals of $69.03 and sundries of $85.82. During the year 1953 and for a number of years prior thereto petitioner was a member of the Birmingham Lions Club, a civic organization. He attended the club regularly, and during 1953 paid the club the total amount of $111.42, which consisted of dues *250 of $48, meals of $52.92, and sundries of $10.50. There were several dentists who were members of the country club. Petitioner's son, with whom he practiced dentistry, was also a member of the country club during the taxable year 1953. Petitioner was 79 years of age in 1953. He had enjoyed a well-established practice for many years and has had about as many patients as he could treat. He handled about one-third of the patients treated at the dental parlors in 1953. Petitioner was unable to give the names of any specific patients who came to him in 1953 as a result of his membership in the aforementioned clubs. On their joint return for 1953 petitioners claimed the amount of $381 as "Advertising and Promotion" expenses. The respondent disallowed the entire amount. Petitioners have failed to establish that the expenditures made in 1953 for club dues, meals, and sundries were ordinary and necessary expenses of carrying on the dental business. Opinion LEMIRE, Judge: Petitioner contends that the respondent erred in disallowing certain amounts paid in 1953 to two social clubs for dues, meals, and sundries, as ordinary and necessary expenses of carrying on his dental business. *251 The question presented is factual, and the burden rests on petitioners to clearly establish that the claimed deduction is a business expense within the meaning of section 23(a)(1)(A) of the Internal Revenue Code of 1939. Louis Boehm, 35 B.T.A. 1106. What constitutes ordinary and necessary expenses of one's business and what expenditures are personal is often difficult to determine. Where the evidence shows that the expenditures have a direct relation to the conduct of the business and clearly indicate that some benefit has been derived therefrom, the deduction has been sustained. Johnson v. United States, 45 Fed. Supp. 377. On the other hand, where it appears that the expenditures are primarily for social purposes, they are personal and their deduction has been denied. Louis Boehm, supra. In the taxable year petitioner paid to the Birmingham Country Club a total of $442.85, of which amount $288 was for membership dues, $69.03 for meals, and $85.82 for taproom and other charges. Petitioner also paid a total of $111.42 to the Lions Club, of which amount $48 was for dues, and the balance for meals and other items. These expenditures aggregate *252 the sum of $554.27, of which amount petitioners claim the sum of $381, or approximately 69 per cent, as business expenses. The evidence shows that Lokey, an elderly man, has had a well-established dental business for many years, and that he played golf two or three times a week, but entertained very little. Petitioner was unable to give the name of any individual who became his patient in 1953 as a result of his club memberships. On this record we are of the opinion that the expenditures in question were made primarily for personal purposes and are not deductible under section 24(a)(1) of the 1939 Code. So holding, no allocation under the rule of Cohan v. Commissioner, 39 Fed. (2d) 540 (C.A. 2), is permissible. Richard A. Sutter, 21 T.C. 170. The respondent's determination is sustained. Decision will be entered for the respondent.